UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE RAMIREZ,<br><br>            Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>            Defendant. | Case No. CV 09-7405 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

**I.    SUMMARY**

On October 16, 2009, plaintiff George Ramirez ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; October 22, 2009 Case Management Order ¶ 5.

///

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On February 28, 2006, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 25). Plaintiff asserted that he became disabled on February 20, 2006, due to diabetes, arthritis, high blood presser, and pain in elbows and shoulders. (AR 178-79). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on April 28, 2008. (AR 97-119).

On June 25, 2008, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 31). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine, osteoarthritis, bilateral hands, plantar fasciitis, diabetes mellitus and hypertension (AR 27); (2) plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments (AR 28); (3) plaintiff retained the residual functional capacity to perform a "narrowed range of light exertion"[1] (AR 28); (4) plaintiff could not perform his past relevant work (AR 29); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform (AR 30);
///

---

[1] More specifically, the ALJ determined that plaintiff: (i) could lift and or carry up to 20 pounds occasionally and up to 10 pounds frequently; (ii) could stand and or walk for four hours out of an eight-hour workday; (iii) could sit for four hours out of an eight-hour workday; (iv) must be able to sit and stand at his own discretion; (v) could occasionally balance, stoop, kneel, crouch and crawl; (vi) could occasionally climb ramps and stairs; (vii) could never climb ropes, ladders, or scaffolds; and (viii) could occasionally handle and finger with the left upper extremity and could frequently handle and finger with the right upper extremity. (AR 28).

and (6) plaintiff's allegations regarding his limitations are only partly credible (AR 29).

The Appeals Council denied plaintiff's application for review. (AR 1-4).

### III. APPLICABLE LEGAL STANDARDS

#### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit his ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform his past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

  (5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow him to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

  The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  See Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B. Standard of Review**

  Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

  To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

### A. The ALJ Improperly Assessed Plaintiff's Credibility and the Court Cannot Find That Such Error Was Harmless

Plaintiff contends that the ALJ improperly evaluated the credibility of plaintiff's subjective complaints. (Plaintiff's Motion at 3). The Court agrees. As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

#### 1. Pertinent Law

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" Id. (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so.'" Lingenfelter, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). "The ALJ must cite the reasons why the claimant's testimony is unpersuasive." Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) (citation and quotation marks omitted). In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily

1  activities; and "ordinary techniques of credibility evaluation." Bunnell, 947 F.2d
2  at 346 (citing Social Security Ruling ("SSR") 88-13; quotation marks omitted).
3  The ALJ may consider (a) inconsistencies or discrepancies in a claimant's
4  statements; (b) inconsistencies between a claimant's statements and activities;
5  (c) exaggerated complaints; and (d) an unexplained failure to seek treatment.
6  Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).  If properly supported,
7  the ALJ's credibility determination is entitled to "great deference." See Green v.
8  Heckler, 803 F.2d 528, 532 (9th Cir. 1986).

**2.     Analysis**

In this case, the ALJ found that plaintiff's testimony concerning his limitations was "only partly credible."  (AR 29).  Nonetheless, the ALJ failed to provide clear and convincing reasons for discounting plaintiff's testimony, at least with respect to plaintiff's allegations of disabling pain related to musculoskeletal impairments, and the Court cannot find that the ALJ's error was harmless.

First, the ALJ stated that "[t]reatment for [plaintiff's] musculoskeletal impairments has been conservative and limited to non-steroidal anti-inflammatories."  (AR 29) (emphasis added) (citing Exhibits 1F-2F, 10F-12F [AR 222-70, 300- 96]).  The ALJ's finding, however, is belied by the record. Plaintiff's treatment records do show that plaintiff was taking Naproxen and Motrin, nonsteroidal anti-inflammatory drugs used to treat pain or inflammation associated with, *inter alia*, back pain, arthritis and "minor injury."[2] (AR 227, 229, 230-31, 305, 377, 381).  Medical records also reflect, however, that plaintiff was taking Vicodin, a narcotic pain reliever used for treating moderate to severe pain.[3]

---

[2]See Naproxen, Drug Information Online, available at http://www.drugs.com/ naproxen.html ("Naproxen is in a group of drugs called nonsteroidal anti-inflammatory drugs. . . . Naproxen is used to treat pain or inflammation caused by conditions such as arthritis. . . .");  Motrin, Drug Information Online, available at http://www.drugs.com/ motrin.html (Motrin is a nonsteroidal anti-inflammatory drug).

[3]See Vicodin, Drug Information Online, available at http://www.drugs.com/vicodin.html.

(AR 376 ["continue present meds" including Vicodin]; see also AR 371, 374, 382). Moreover, plaintiff testified at the administrative hearing that he was presently taking Vicodin for pain, although he did not take it often. (AR 105). In addition, plaintiff's attorney pointed out at the administrative hearing, and the medical records reflect, that plaintiff had been prescribed Vicodin in November of 2007. (AR 105, 371, 374, 376, 382). To the extent the ALJ was unsure about the medication plaintiff was taking, he had a duty to develop the record to clarify any ambiguity. See Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) (ALJ has affirmative duty to assist the claimant in developing the record "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.") (citation omitted).

Second, even assuming that the ALJ properly discounted plaintiff's subjective complaints related to hypertension and diabetes due to plaintiff's non-compliance with prescribed anti-hypertension and oral antigylcemic medications, such a finding does not constitute a clear and convincing reason for discounting plaintiff's unrelated complaints of pain from his musculoskeletal impairments. See Greger, 464 F.3d at 972.

Third, to the extent the ALJ determined that plaintiff's testimony as to the intensity of his pain was not substantiated affirmatively by objective medical evidence, such a finding cannot form the sole basis for discounting pain testimony. See Burch, 400 F.3d at 681.

The Court cannot find that the ALJ's error was harmless. The ALJ accounted for plaintiff's subjective complaints of pain in his residual functional capacity assessment "only to the extent such complaints [were] credible." (AR 29). Had the ALJ considered that plaintiff's pain treatment was not, as the ALJ asserted, "limited to non-steroidal anti-inflammator[y]" drugs, but also included drugs used for moderate to *severe* pain (*i.e.* Vicodin), the ALJ could reasonably have found plaintiff's pain allegations more credible, and in turn reached a more

restrictive residual functional capacity assessment. Further restriction in the ALJ's assessment that plaintiff retained the residual functional capacity to do only "a narrowed range of light exertion" would have been material, particularly in light of the vocational expert's testimony that no jobs would be available for a person with plaintiff's characteristics, if that person was restricted to sedentary work. (AR 118).

## V.   CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[4]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 8, 2010

                                           /s/
                                         Honorable Jacqueline Chooljian
                                         UNITED STATES MAGISTRATE JUDGE

---

[4] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).